UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **5:20-cv-02564-GW (MAA)**                                   Date: **February 24, 2021**

Title   **Peter Garcia v. Ralph Diaz et al.**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  James Munoz  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:    Attorneys Present for Defendants:
N/A                                                            N/A

**Proceedings (In Chambers):**   Order Dismissing Complaint Pursuant to Federal Rule of Civil Procedure 8 (ECF No. 1)

### I.   INTRODUCTION

On November 23, 2020, Plaintiff Peter Garcia ("Plaintiff"), a California inmate housed at Ironwood State Prison ("ISP"), proceeding *pro se*, filed a Complaint in the United States District Court, Eastern District of California, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) On December 15, 2020, the lawsuit was transferred to this Court. (ECF No. 5.) On December 16, 2020, the Court granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF Nos. 2, 7.)

### II.   LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted. *Id.* When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure[1] 12(b)(6) standard, which is read in conjunction with Rule 8(a). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)

---

[1] Unless otherwise specified, all further references to "Rule" are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:20-cv-02564-GW (MAA)**                                       Date: **February 24, 2021**

Title     **Peter Garcia v. Ralph Diaz et al.**

(applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)); *see also Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) ("Rule 8 is read on conjunction with Rule 8(a) . . ..").

Rule 8 requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 may be violated when a pleading "says *too little*," and "when a pleading says *too much*." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). While Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Moreover, a complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (citing cases upholding dismissals for those reasons).

**III.   DISCUSSION**

The Court concludes that the Complaint does not satisfy Rule 8, and will give Plaintiff an opportunity to amend his Complaint to comply with the requirements of Rule 8, and in light of the other issues discussed below. Specifically, Plaintiff must correct his Complaint in the following manner.

First, Central District of California Local Rule 19-1 limits the number of Doe defendants that may be named in a complaint to ten. *See* C.D. Cal. L.R. 19-1 ("No complaint or petition shall be filed that includes more than ten (10) Doe or fictitiously named parties."). Here, the Complaint is brought against fifty Doe Defendants. (Compl. 6.) If Plaintiff decides to amend his complaint, he must limit the number of Doe Defendants to ten, or risk dismissal of any excess Doe Defendants.

Second, the Complaint violates Rule 8 because it fails to provide defendants with "fair notice" of the particular claims being asserted and "the grounds upon which [the claims] rest[]." *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted). The purpose of Rule 8(a)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:20-cv-02564-GW (MAA)**                                                          Date: **February 24, 2021**

Title     **Peter Garcia v. Ralph Diaz et al.**

is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Thus, in any amended complaint, Plaintiff should specify: (1) which Defendant(s) each claim is being asserted against; and (2) in what capacity (individual and/or official) each Defendant is being sued for each claim.

In addition, Plaintiff must provide specific factual detail regarding each Defendant's acts and omissions that allegedly violated Plaintiff's rights. There can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's actions and the claimed deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999) (quoting *Johnson*, 588 F.3d at 743–44).

In contrast to Rule 8's requirements, the Complaint fails to specify what each particular Defendant did to violate Plaintiff's rights. Instead, the allegations in the Complaint only refer to acts generally committed by groups of Defendants (correctional officers, ISP administrative officers, and officials at CDCR), without identifying each particular Defendant's role in the alleged violations of Plaintiff's rights. Such specific details regarding each Defendant's acts or omissions also must be provided for each Doe Defendant. In any amended complaint, Plaintiff should omit any Defendants for whom Plaintiff cannot provide specific factual allegations regarding their acts or omissions.

<u>Third</u>, to the extent the basis of any Defendant's purported liability is based on a theory of conspiracy, conclusory and speculative allegations of a conspiracy are insufficient. *See Iqbal*, 556 U.S. at 678. Rather, Plaintiff must allege specific facts to support the existence of the claimed conspiracy. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **5:20-cv-02564-GW (MAA)**                                                                 Date: **February 24, 2021**

Title   **Peter Garcia v. Ralph Diaz et al.**

     Fourth, with respect to Plaintiff's claims against Defendant Diaz in his official capacity, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)).  Thus, any official capacity claims against Defendant Diaz—the Secretary of the CDCR—are treated as claims against the State of California.  *See Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1998) (explaining that a lawsuit against state prison officials in their official capacities was a lawsuit against the state).  The Eleventh Amendment bars claims against Defendant Diaz in his official capacity for monetary damages.  *See Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

     However, "[u]nder the doctrine of *Ex parte Young*, the Eleventh Amendment is no bar to federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law."  *Armstrong v. Wilson*, 124 F3d 1019, 1025 (9th Cir. 1997) (quotation marks omitted) (quoting *Seminole Tribe v. Florida*, 517 U.S. 44 (1996)).  To state an official capacity claim against state officials, a plaintiff "is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013).  Rather, a plaintiff need only "identify a practice, policy, or procedure that animates the constitutional violation at issue," *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)), and "name the official within the entity who can appropriately respond to injunctive relief," *Hartmann*, 707 F.3d at 1127.  This "policy or custom" must have played a part in the violation of federal law.  *Graham*, 473 U.S. at 166 (1985).  In addition, a plaintiff must allege an ongoing violation of federal law and seek relief that is properly characterized as prospective.  *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).

     If Plaintiff files an amended complaint that includes Defendant Diaz in his official capacity as a Defendant, Plaintiff must meet these requirements, including sufficiently alleging the policy or custom that directly caused each violation, and also sufficient allegations to support the reasonable inference that such violations are ongoing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:20-cv-02564-GW (MAA)**                                            Date: **February 24, 2021**

Title     **Peter Garcia v. Ralph Diaz et al.**

### IV.    CONCLUSION

In light of the foregoing, the Complaint is **DISMISSED** with leave to amend.  No later than **March 26, 2021**, Plaintiff must either:  (1) file a First Amended Complaint ("FAC"); or (2) advise the Court that Plaintiff does not intend to pursue this lawsuit further and will not file a FAC.

The FAC must cure the pleading defects discussed above and shall be complete in itself without reference to the Complaint.  *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseding pleading.").  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  Plaintiff also is encouraged to include all his claims and allegations in one amended complaint, rather than repeating his allegations and claims multiple times in attached supplements to the complaint.

**Plaintiff is advised that failure to comply with this order will result in a recommendation that the lawsuit be dismissed without prejudice for failure to prosecute and/or comply with court orders**.  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a "strike" for purposes of the *in forma pauperis* statute, 28 U.S.C. § 1915(g).[2]

If Plaintiff no longer wishes to pursue this action in its entirety or with respect to particular Defendants, he voluntarily may dismiss this action or particular Defendants by filing a Notice of Dismissal in accordance with Rule 41(a)(1).  **A form Notice of Dismissal is attached for Plaintiff's convenience.**

---

[2] Inmates who have accumulated three of more "strikes" are not permitted to bring a civil lawsuit or appeal a judgment in a civil action *in forma pauperis*—that is, without prepayment of the filing fee—unless the inmate is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).  Instead, inmates with three or more "strikes" generally must pay their full filing fee upfront in order to file a civil lawsuit or appeal a civil judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **5:20-cv-02564-GW (MAA)**                               Date: **February 24, 2021**

Title     **Peter Garcia v. Ralph Diaz et al.**

     Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of the claim. Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading, accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections.  *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

It is so ordered.

<u>Attachments</u>
Notice of Voluntary Dismissal Form
Civil Rights Complaint Form (CV-66)